```
                    UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
THE DASH GROUP LLC                       :
                                         :
                        Plaintiff,       :    ANSWER AND
                                         :    COUNTERCLAIM
        vs.                              :    OF DEFENDANT
                                         :    EDWYNA W BROOKS
                                         :    EW BROOKS BOOKS LLC
                                         :
JP MORGAN CHASE and                      :
EDWYNA W BROOKS D/B/A                    :
EW BROOKS BOOKS LLC                      :
                                         :
                                         :
                        Defendants       :
-----------------------------------------------------------------X
```

Defendant and Plaintiff-in-Counterclaim Edwyna Brooks d/b/a EW Brooks Books LLC, hereby answers the Complaint of The Dash Group LLC as follows:

## ANSWER

Brooks Answers each paragraph of the Petition/Complaint as follows:

1. Brooks admits that The Group LLC is California entity.
2. Brooks admits that JP Morgan Chase ("Chase") is a bank that has restrained the account of The Dash Group LLC.
3. Brooks admits that she is a judgment creditor for Damon Dash and Poppington LLC. Brooks denies the claim that The Dash Group LLC has nothing to do with Damon Dash and Poppington LLC.
4. No response is necessary. The Petition/Complaint speaks for itself.
5. No response is necessary to paragraph 5.

## PROCEDURAL BACKGROUND

6. Brooks has no information relating to paragraph 6.
7. Brooks has no information relating to paragraph 7.
8. Exhibit A speaks for itself.
9. Brooks has no information relating to paragraph 9.

1

# COUNT I
# PROTECTIVE ORDER
# PURSUANT TO CPLR 5240

10. Brooks repeats her answers to paragraphs 1-9.
11. No response is necessary as the statutory scheme speaks for itself.
12. The Restraining Notice speaks for itself.
13. No response is necessary as the case law and statutory scheme speaks for itself.
14. No response is necessary as this paragraph calls for a legal conclusion.

## AFFIRMATIVE DEFENSES

1. The Dash Group LLC has engaged in fraudulent activity barring any recovery.
2. The Dash Group LLC has unclean hands.

## COUNTERCLAIM

1. Edwyna Brooks d/b/a EW Brooks Books LLC ("Brooks") is a resident of Hawaii.

2. Poppington LLC ("Poppington") is a New York entity. Poppington has 2 members, Damon Dash ("Dash") and Raquel Horn ("Horn").

3. The Dash Group LLC was created in June 2020 and is a California entity. The Dash Group LLC has 2 members, Dash and Horn.

4. The Dash Group LLC and Poppington both had bank accounts at JP Morgan as of July 2020- November 2020 and share the same address, 13547 Ventura Blvd., Ste 199 Sherman Oaks, CA 91423.

5. In 2019, Brooks filed an action in the Southern District of New York, *Brooks v. Dash, et al*, 19-cv-1944-JSR. Brooks does not do any business in New York; however, jurisdiction was proper as Poppington LLC is a New York entity.

6. In April 2020, after a three (3) day trail in January 2020, a judgment was rendered in favor of Brooks in the amount of $300,000.00. Docket Entry 71 & 72 in the *Brooks* matter).

7. In May 2020, Attorney Bhushan, long time counsel for Poppington LLC and Dash, authored and Affidavit/ Declaration and stated the following in the *Brooks* matter:

> Defendants were jointly and severally found
> liable for the Judgment and defendant Poppington LLC
> can readily satisfy the judgment as its annual net
> income exceeds the amount of the judgment. As
> proof of the same, Defendants can submit the most
> recent company financials, *in camera*, or under seal,

> which document yearly net income well in excess
> of the judgment amount. Moreover, aside from this
> judgment defendant Poppington LLC has no known
> secured creditors.
>
> As averred above (and in previously submitted
> documents already under seal with the Court), defendant
> Poppington LLC does have the financial wherewithal
> to satisfy the judgment if the appeal is affirmed.
> (Docket Entry 76-1, *Brooks v. Dash*, *et al* 19-1944-JRS)

8. In June 2020, Dash created the Dash Group LLC.

9. In July 2020, Brooks began attempting collection of the judgment.

10. In July 2020, Poppington began to assign its assets to The Dash Group LLC to avoid the $300,000.00 judgment secured by Brooks in *Brooks v. Dash, et al*, 19-cv-1944-JSR.  Docket Entry 71 & 72 in the Brooks matter), in April 2020.

11. Attached as Exhibit A is an email dated July 14, 2020 by Attorney John Fogleman, Counsel for Vimeo, indicating that Poppington had assigned its account to The Dash Group LLC, on June 24, 2020. At the time of the assignment to The Dash Group LLC, Vimeo was holding approximately $11,000.00 that belonged to Poppington that would be paid to The Dash Group LLC.

12. In July 2020, a restraining order was served on Chase which has an effect for one (1) year under New York law, along with the writ of execution and judgment.

13. In August 2020, Chase forward approximately $10,000.00 to Brooks pursuant to the Writ of Execution relating to Dash and Poppington.

14. From approximately August 2020 through November 2020, Poppington removed all of its assets from its account at Chase, and upon information and belief, placed the funds in The Dash Group LLC account at Chase.

15. As Dash and his girlfriend Raquel Horn control both entities, it was easy to transfer all of the Poppington's assets to The Dash Group LLC.

16. During Debtor discovery in the *Brooks* matter from September-November 2020, it was learned that Poppington had been commingling funds with The Dash Group LLC as early as July 2020.  For example, Poppington received a wire transfer dated July 6, 2020 referencing "The Dash Group", into its JP Morgan/Chase ("Chase") bank account.

17. Dash and Horn created The Dash Group LLC in June 2020 to avoid the April 2020 Brooks judgment and other potential judgments.  The parties began to work together to keep Poppington's assets away from creditors.

18. In August/September 2020, Poppington and Dash signed interrogatory responses under oath during Debtor discovery in the *Brooks* matter, indicating that Poppington had not assigned or sold any of its assets to third parties in 2019 or 2020. This was a known falsehood.

19. Dash and Poppington are facing multiple lawsuits in which over Six Million Dollars ($6,000,000.00) in damages are sought by multiple Plaintiffs in addition to the Brooks judgment.

20. Dash and Poppington sought to protect the assets of Poppington and transferred the assets to The Dash Group LLC in an attempt to become judgment proof.

21. In early December 2020, it was learned that Poppington had previously closed its bank accounts at Chase, in November 2020, Exhibit B, and upon information and belief, transferred all of its money to The Dash Group LLC.

22. Poppington transferred all of its assets to The Dash Group LLC on or December 8, 2020 and left Poppington financially insolvent. See Notice from Chase dated December 8, 2020 and The Dash Group LLC. Exhibit C.

23. The Dash Group LLC encouraged and assisted Poppington in hiding funds and commingled funds in order to avoid the judgment execution efforts of Brooks.

24. The Dash Group LLC was created for a fraudulent purpose and maintains funds that belong to Dash and Poppington. The Dash Group LLC aided Dash and Poppington in their efforts to avoid paying creditors.

25. The Dash Group LLC was a major actor in the plans of Dash and Poppington to hide funds and The Dash Group LLC has retained the funds that belong to Poppington and Dash.

26. The Dash Group LLC willfully assisted Poppington and allowed Poppington to place its funds into The Dash Group LLC account at Chase to protect the funds from creditors.

27. The Dash Group LLC has merged with Poppington LLC and is the alter ego and successor in interest to Poppington LLC. The entities have operated as one entity since the creation of The Dash Group LLC in June 2020. Hence, The Dash Group LLC is responsible for the debt of Poppington.

28. Upon information and belief, Chase is in possession of bank records that will establish the transfers of funds from June 2020 through December 2020 between Poppington and The Dash Group LLC.

29. The Dash Group LLC had assisted and encouraged Poppington in its efforts to hide funds and has distributed funds to their members, Dash and Horn.

30. Brooks served the second CPLR 5222 restraining notice in November 2020 on Chase.

31. Pursuant to CPLR 5222, (a) a restraining notice may be issued by the … the attorney for the judgment creditor as officer of the court….may be served upon any person…[however, a](b) ***restraining notice served upon a person other than the judgment debtor or obligor is effective only if, at the time of service, he or she owes a debt to the judgment debtor or obligor or he or she is in the possession or custody of property in which he or she knows or has reason to believe the judgment debtor or obligor has an interest,*** or if the judgment creditor or support collection unit has stated in the notice that a specified debt is owed by the person served to the judgment debtor or obligor or that the judgment debtor or obligor has an interest in specified property in the possession or custody of the person… (emphasis added)

32. Upon information and belief, based on the transactions between Poppington and The Dash Group LLC at Chase from June 2020 through December 2020, Chase knew or had good reason to believe that Chase was in possession of funds in which Dash or Poppington has an interest and those funds were in The Dash Group LLC account.  This belief warranted the hold placement on The Dash Group LLC account. The funds on hold with Chase should be transferred to Brooks to satisfy the judgment.

33. Upon information and belief, the Chase bank records from August 2020 through November 2020 establish the transfer(s) of assets from Poppington to The Dash Group LLC.

34. The Dash Group LLC was implicit in the plans of Dash and Poppington to hide assets and avoid the judgment of Brooks.

35. The Dash Group LLC has harmed Brooks with its actions.

## COUNT I
## Successor Liability Against The Dash Group LLC

36. Brooks repeats allegations in paragraphs 1-35 above.

37. A corporation may have successor liability if: (1) the successor corporation expressly or impliedly assumed the predecessor's tort liability, (2) there was a consolidation or merger of seller and purchaser, or  (3) the purchasing corporation was a main unsecured creditor had "adequately alleged a *de facto* merger" between a corporate defendant and a purported asset acquirer, held the U.S. District Court for the Southern District of New York when refusing to dismiss the defendants' "alter ego and *de facto* merger claims." *John Deere Shared Services Inc. v. Success Apparel LLC*, 2015 WL 6656932, at *5-7 (S.D.N.Y. Oct. 30, 2015) (Furman, J.). or (4) the transaction was entered into fraudulently to escape such obligations" (*Kasem v. BNC Stor., LLC,* 30 AD3d 469 [2d Dept. 2006]). No single indicator of succession is controlling. *Milliken & Co. v. Duro Textiles, LLC,* 451 Mass. 547 (2008).

38. The Dash Group LLC is a successor to Poppington and retains all funds due Poppington. The Dash Group LLC have received assignments from Poppington without consideration.

39. The Dash Group has merged with Poppington and is responsible for the debt of Poppington.

5

40. The Dash Group LLC entered into fraudulent transactions with Poppington to hide funds and protect the assets of Poppington and Dash from the Brooks judgment. Poppington sought to escape its obligations to Brooks by conveying its assets to The Dash Group LLC.

41. The Dash Group LLC has harmed Brooks with its actions.

## COUNT II
## De facto Merger Against The Dash Group LLC

42. Brooks repeats allegations in paragraphs 1-41 above.

43. The *de facto* merger doctrine … provides liability for The Dash Group LLC. When a purported asset sale "is in substance 'a consolidation or merger of seller and purchaser,'" U.S. Supreme Court, in *Wellness International Network Ltd. v. Sharif*, 135 S. Ct. 1932, 1939 (2015), *John Deere Shared Services Inc. v. Success Apparel LLC*, 2015 WL 6656932, at *5-7 (S.D.N.Y. Oct. 30, 2015) courts will treat it as a *de facto* merger. 2015 WL 6656932, at *6, quoting *Schumacher v. Richards Shear Co.*, 59 N.Y. 2d 239, 245 (1983). Moreover, "continuity of ownership is a necessary precondition to finding a *de facto* merger." *Id.*

44. The Dash Group LLC has merged with Poppington.

45. The Dash Group LLC has obtained funds due Poppington and has received assignments from Poppington relating to Poppington accounts, like Vimeo.

46. Dash and Horn own both entities and commingled the entities.

47. All of Poppington's funds were deposited into The Dash Group LLC, leaving Poppington insolvent in November/December 2020. See Exhibit B and C.

48. Due to the merger of Poppington and The Dash Group LLC, The Dash Group LLC is responsible for the debt of Poppington.

## COUNT III
## Aiding and Abetting Fraud Against The Dash Group LLC

49. Brooks repeast allegations in paragraphs 1-48 above.

50. In order to plead properly a claim for aiding and abetting fraud, the complaint must allege: (1) the existence of an underlying fraud; (2) knowledge of this fraud on the part of the aider and abettor; and (3) substantial assistance by the aider and abettor in achievement of the fraud. *Stanfield Offshore Leveraged Assets, Ltd. v Metro. Life Ins. Co*., 64 AD3d 472, 476 (1st Dep't 2009).

51. Poppington and The Dash Group LLC engaged in conveyances and transactions that were fraudulent in nature from June 2020 through December 2020 to escape obligations.

52. The transactions were design to hide the assets of Poppington from judgment creditors.

53. The Dash Group LLC willingly hid the assets of Poppington in order to distribute the funds to its members and to avoid paying the judgment in the <u>Brooks</u> matter. The Dash Group LLC had knowledge of the plan to protect the assets from creditors at all costs.

54. The plan left Poppington insolvent and with no monies.  Poppington closed its bank account at Chase and transferred all of its assets to The Dash Group LLC. See Exhibit C.

55. The Dash Group LLC aided and abetted Poppington in its efforts and are responsible for the debts of Poppington.

56. The Dash Group LLC encouraged and provided substantial assistance in the transfer of assets for the benefits of its members, Dash and Horn.

## COUNT IV
## CPLR 5222-Restraing Notice Against
## The Dash Group LLC and JP Morgan Chase

57. Brooks repeats allegations in paragraphs 1-56 above.

58. Chase is holding assets relating Dash, Poppington and The Dash Group.

59. Those funds belong the judgment debtors Dash and Poppington.

60. Restraining notices were served on Chase in July 2020 and November 2020.

61. The CPLR 5222 restraining notices are valid for one (1) year.

62.  Dash and Poppington transferred the funds to The Dash Group LLC to defraud Brooks and to keep the funds safe from the judgment, writ of execution and restraining notice.

63. The Dash Group LLC in the alter ego and successor in interest to Poppington.

64. The Dash Group LLC has merged with Poppington.

65. Brooks is a judgment creditor of Poppington and the funds held by Chase in the account for The Dash Group LLC must be turned over to Brooks.

WHEREFORE, Brooks demands a jury trial and the following:

1. Judgment on all counts and amount to be determined by the Court;
2. Interest;
3. An Order mandating that Chase pay the funds on hold at Chase;
4. Attorney fees; and,
5. Any other relief this Court deems just and equitable.

EDWYNA W. BROOKS D/B/A
EW BROOKS BOOKS LLC

_____
Christopher L. Brown 3465
Brown & Rosen LLC
Attorneys At Law
100 State Street, Suite 900
Boston, MA 02109
617-728-9111 (T)

December 18, 2020                    cbrown@brownrosen.com

# EXHIBIT A

**From:** John Fogleman [mailto:john@vimeo.com]
**Sent:** Tuesday, July 14, 2020 4:45 PM
**To:** Christopher Brown <cbrown@brownrosen.com>
**Subject:** Re: Brooks v. Dash 19-1944 JSR (SDNY)

Chris,

On behalf of Vimeo, Inc., I hereby acknowledge receipt of:

1. Your letter dated July 7, 2020; and
2. The judgment and writ of execution in the above-captioned matter dated April 15, 2020 and June 17, 2020, respectively.

As we discussed by telephone, the subject Vimeo OTT account, titled Dame Dash Studios and available at https://www.damedashstudios.com, was assigned by Poppington LLC to The Dash Group LLC effective on or about June 24, 2020. I understand that your client disputes the validity of this assignment and will seek additional remedies from the court to enforce its rights. In the meantime, Vimeo has placed a hold on the funds it has collected and not yet disbursed to The Dash Group LLC.

Should you have any questions, please feel free to contact me directly. Vimeo reserves all rights.

Best regards,

John Fogleman
Corporate Counsel
Vimeo, Inc.
555 West 18th Street
New York, New York 10011
212-524-7153
john@vimeo.com

# EXHIBIT B

## LETTER FROM CHASE
## RE: POPPINGTON CLOSED BANK ACCOUNTS
## FILED SEPERATELY

# EXHIBIT C

